JUDGE RAKOFF

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
MONSOON SHIPPING AND TRADING LIMITED
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
Brian T. McCarthy (BM-4808)
George E. Murray (GM-4172)

**'08 CIV 3705**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MONSOON SHIPPING AND TRADING LIMITED,

                        Plaintiff,

                                                08  CV  _____  (___)

            v.

THE MINISTRY OF TRADE OF THE REPUBLIC
OF IRAQ,

                        Defendant.
-------------------------------------------------------------X

VERIFIED COMPLAINT

RECEIVED
APR 1 8 2008
U.S.D.C. S.D. N.Y.
CASHIERS

        Plaintiff MONSOON SHIPPING AND TRADING LIMITED (hereinafter

"MONSOON"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified

Complaint against the Defendant, THE MINISTRY OF TRADE OF THE REPUBLIC

OF IRAQ (hereinafter "MTRI"), alleges upon information and belief as follows:

                        NATURE OF THIS ACTION

        1.        Plaintiff brings this action pursuant to the Foreign Sovereign Immunities

Act of 1976, 28 U.S.C. §§ 1602 – 1611, (hereinafter "FSIA") and the New York Uniform

Foreign Country Money Judgments Recognition Act, New York Civil Practice Law and

Rules §§ 5301 – 5309, for recognition and enforcement of a final, conclusive, and

enforceable money judgment rendered by the High Court of Justice, Queen's Bench

Division, Commercial Court in London, England, (hereinafter "the English Judgment") against defendant, MTRI. A true and correct copy of the English Judgment is annexed hereto as Exhibit 1.

JURISDICTION AND VENUE

2.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1330 and 28 U.S.C. § 1605(a) in that MTRI implicitly waived any claim to sovereign immunity.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(f).

THE PARTIES

4.    At all times material hereto, Plaintiff MONSOON was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address in Main Street, Charlestown, Nevis.

5.    Plaintiff MONSOON is the disponent owner of the vessels M/V MORNING STAR, M/V DIAMOND STAR, and M/V SILVER STAR ("the Vessels") and the primary business of MONSOON is to charter vessels to others for the carriage of cargo in exchange for payments of hire or freight.

6.    Upon information and belief and at all times material hereto, defendant MTRI was and still is a ministry of the government of Iraq that has a principal place of business in Baghdad, Iraq.

7.    Upon information and belief and at all times material hereto, defendant MTRI was and still is engaged in the business of transporting cargoes by ocean going vessel pursuant to charter parties.

BACKGROUND INFORMATION

8.    At all times material hereto, Plaintiff was the disponent owner of the ocean going vessels, M/V DIAMOND STAR, M/V MORNING STAR and M/V SILVER STAR (hereinafter and collectively, "the vessels").

9.    In March and April 2006, Defendant MTRI, sub-chartered the vessels from Plaintiff pursuant to three (3) separate charter parties, for carriage of cargoes of bagged rice to Umm Qasr, Iraq.[1]

10.    These three (3) charter parties are maritime contracts.

11.    When the vessels arrived to discharge their cargo of bagged rice in Umm Qasr, Iraq, MTRI did not take delivery of the cargoes, nor did it pay the remaining balance of freight for each of the vessels.

12.    The refusal to take delivery of the cargoes and the failure to pay the remaining freight was a breach of the charter parties.

13.    Plaintiff was forced to commence an action to have a receiver appointed in order to sell each of the cargoes as soon as possible in order to prevent further deterioration of the cargoes and further accrual of costs and expenses as the vessels sat idle.

14.    As a result of MTRI's breach of the above referenced charter parties, MONSOON suffered damages in the amount of $323,408.10 for unpaid freight,

---

[1] The charterparty for the M/V DIAMOND SUN was dated March 20, 2006. The charterparty for the M/V SILVER STAR was dated April 18, 2006.  The charterpary for the M/V MORNING STAR was dated March 20, 2006.

3

$36,770.11 for demurrage, $67,211.52 for excess fees paid to the vessel's agent,

$75,000.00 for fees paid to the charter's agent, $9,990 for additional P&I and FD&D

insurance premiums, and additional damages that are yet to be determined.

PROCEDURAL HISTORY IN THE ENGLISH COURT

15.    On September 6, 2006, Plaintiff MONSOON commenced an action in the

High Court of Justice, Queen's Bench Division, Commercial Court, against defendant

MTRI, by filing its Claim Form and Particulars of Claim. A true and correct copy of the

Claim Form is attached as Exhibit 2.

16.    On November 24, 2006, Plaintiff MONSOON filed its Particulars of

Claim in the High Court of Justice, Queen's Bench Division, Commercial Court. A true

and correct copy of the Particulars of Claim is attached as Exhibit 3.

17.    Defendant MTRI appeared in the English action and filed a Defense and a

Counterclaim in the High Court of Justice, Queen's Bench Division, Commercial Court.

A true and correct copy of the Defense and Counterclaim is attached as Exhibit 4.

18.    Plaintiff filed a Reply and Defense to Counterclaim in the High Court of

Justice, Queen's Bench Division, Commercial Court. A true and correct copy of the

Reply and Defense to Counterclaim is attached as Exhibit 5.

19.    As MTRI addressed the merits of MONSOON's claims in the English

High Court of Justice, and further, because MTRI did not contest the jurisdiction of the

High Court of Justice in England, MTRI consented to the jurisdiction of the English court

within the meaning of N.Y. C.P.L.R. § 5305. Furthermore, MTRI did not allege that it

was immune from suit during the pendency of the action in the High Court of Justice.

20.    On August 31, 2007, MONSOON moved for summary judgment before the English High Court of Justice.

21.    On November 22, 2007, the High Court of Justice in England issued the Order of Judgment granting plaintiff MONSOON's request for summary judgment. A true and correct copy of the Order of Judgment is attached as Exhibit 1.

22.    The Order in Judgment awards plaintiff MONSOON the sum of US$323,408.10 plus interest of US$33,814.19 for a total amount of US$357,222.29. *See* Exhibit 1.  Additionally, MTRI was also ordered to pay the sum of £5,000.00 (US$9,819.22) and the costs of MONSOON's claim, "to be assessed on the standard basis" (approximately US$70,000.00). *See* Exhibit 1.  As such, the total amount sought in this Complaint, while subject to revision, is currently US$367,041.51.

23.    Defendant MTRI had twenty-one (21) days from the date the Order of Judgment was handed down, November 22, 2007, to contest and/or appeal the order of Judgment.

24.    Defendant MTRI did not contest or appeal the Order of Judgment. Accordingly, the Order of Judgment from High Court of Justice in England is now final for all purposes.

<u>AS AND FOR A FIRST CAUSE OF ACTION AGAINST</u>
<u>MTRI FOR ENFORCEMENT OF THE ENGLISH JUDGMENT</u>

25.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24 herein.

26.    Under the English Judgment, MTRI is in debt to Plaintiff in the amount of US$367,041.51 plus additional interest and costs, and is ordered to pay Plaintiff said amount.

27.    Plaintiff is entitled to payment from MTRI in the amount of the English Judgment.

28.    The English Judgment is final, conclusive, and enforceable in England.

29.    The English Judgment was rendered under a system which provided impartial tribunals and procedures that are compatible with the requirements of due process of law.

30.    The High Court of Justice, Queen's Bench Division, Commercial Court, had personal jurisdiction over MTRI in that MTRI implicitly and unconditionally submitted to the High Court of Justice's jurisdiction and waived any objection to the exercise of the Court's jurisdiction.

31.    MTRI was provided with notice of the proceedings in England in sufficient time to enable it to defend itself and submit a Defense and Counterclaim.

32.    The English Judgment was not obtained by fraud.

33.    The cause of action on which the English Judgment is based is not repugnant to the public policy of the State of New York or the United States of America.

34.    The English Judgment does not conflict with any other final and conclusive judgment.

35.    The proceeding in the High Court of Justice, Queen's Bench Division, Commercial Court was not contrary to any agreement between the parties under which the dispute in question was to be settled otherwise.

36.    Plaintiff is entitled to recognition of the English Judgment against MTRI in the amount of $367,041.51 plus additional interest and costs as assessed by the High Court of Justice, Queen's Branch, Commercial Court, in London, England.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST MTRI FOR BREACH OF MARITIME CONTRACT

37.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 herein.

38.    Defendant MTRI, sub-chartered three (3) vessels[2] from Plaintiff pursuant to three (3) separate charter parties, for carriage of cargoes of bagged rice to Umm Qasr, Iraq.

39.    These three (3) charter parties are maritime contracts.

40.    When the three (3) vessels arrived to discharge their cargo of bagged rice in Umm Qasr, Iraq, MTRI did not take delivery of the cargoes, nor did it pay the remaining balance of freight for each of the vessels.

41.    The refusal to take delivery of the cargoes and the failure to pay the remaining freight was a breach of the charter parties.

42.    As a result of MTRI's breach of the above referenced charter parties, MONSOON suffered damages in the amount of $323,408.10 for unpaid freight, $36,770.11 for demurrage, $67,211.52 for excess fees paid to the vessel's agent, $75,000.00 for fees paid to the charter's agent, $9,990 for additional P&I and FD&D insurance premiums, and additional damages that are yet to be determined.

---

[2] The three (3) vessels were: the M/V DIAMOND SUN, the M/V SILVER STAR and the M/V MORNING STAR.

PRAYER FOR RELIEF

43.    Notwithstanding the fact that the liability of the Defendant was determined by the High Court of Justice in England, there are now, or will be during the pendency of this action, certain commercial assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

44.    Plaintiff MONSOON believes that some of these commercial assets, *to wit*: bank accounts; payments of freight and/or hire from the shippers of the cargoes on other vessels chartered by defendant; freight and/or hire payments being made to other vessel owners for vessels chartered by defendant; Clearing House Interbank Payment System (CHIPS) credits; and/or miscellaneous funds and payments, are being electronically transferred through intermediary banks located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

45.    As set forth in the accompanying affidavit of Owen F. Duffy, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

46.    Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of

maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi in rem* jurisdiction over the property of the Defendant, so that the judgment can be satisfied.

WHEREFORE, Plaintiff MONSOON demands judgment against MTRI as follows:

A.    That the Defendant be summoned to appear and answer this Verified Complaint;

B.    Recognizing and enforcing the English Judgment in awarding Plaintiff US$367,041.51, plus additional interest and costs as assessed by the High Court of Justice, Queen's Bench Division, Commercial Court, in London, England;

C.    That the Defendant not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its commercial assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like, whether tangible or intangible, belonging to or claimed by the Defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

D.    That judgment be entered in favor of Plaintiff for the amount of US$367,041.51, and that a judgment of condemnation and sale be entered against the commercial property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof;

E.    The costs and disbursements of this action; and,

F.    Awarding such other and further relief, including, without limitation,

declaratory and other injunctive relief, as is deemed just and proper by the

Court.

Dated: Port Washington, New York
        April 17, 2008

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
MONSOON SHIPPING AND TRADING LIMITED

By:    _____
        George E. Murray (GM-4172)
        Owen F. Duffy (OD-3144)
        Brian T. McCarthy (BM-4808)
        366 Main Street
        Port Washington, New York 11050
        Tel:  (516) 767-3600
        Fax:  (516) 767-3605

10

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
MONSOON SHIPPING AND TRADING LIMITED
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
Brian T. McCarthy (BM-4808)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MONSOON SHIPPING AND TRADING LIMITED,

                              Plaintiff,

                                                    08  CV _____ (____)

              v.
                                                    **VERIFICATION**

THE MINISTRY OF TRADE OF THE REPUBLIC
OF IRAQ,

                              Defendant.
-------------------------------------------------------------------X
STATE OF NEW YORK        :
                                          : ss.
COUNTY OF NASSAU        :

       BEFORE ME, the undersigned authority, personally came and appeared George

E. Murray who, after being duly sworn, did depose and state:

       1.       That he is an associate in the law firm of Chalos, O'Connor & Duffy LLP,

counsel for the Plaintiff, MONSOON SHIPPING AND TRADING LIMITED, herein;

       2.       That he has read the foregoing complaint and knows the contents thereof;

       3.       That he believes the matters to be true based on documents and

information obtained from employees and representatives of the Plaintiff through its

agents, underwriters and attorneys; and

4.    That the reason that this verification was made by deponent and not by the

Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could

not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
       April 17, 2008

                                    CHALOS, O'CONNOR & DUFFY, LLP
                                    Attorneys for Plaintiff,
                                    MONSOON SHIPPING AND TRADING
                                    LIMITED

               By:

                                    George E. Murray (GM-4172)
                                    366 Main Street
                                    Port Washington, New York 11050
                                    Tel:   (516) 767-3600
                                    Fax:  (516) 767-3605

Subscribed and sworn to before me this
April 17, 2008

_____
Notary Public, State of New York

        TIMOTHY SEMENORO
NOTARY PUBLIC, STATE OF NEW YORK
        NO. 02SE6112804
     QUALIFIED IN NASSAU COUNTY
  COMMISSION EXPIRES JULY 12, 2008

2